### PIPER et al. v. SEAGER.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. SALES—REMEDIES OF SELLER—PLEADING.

    A complaint by P. and son, constituting the firm of P. & Co., alleging a sale of coal to defendant, is not supported by evidence of a contract for the sale of coal by P. & Co., composed of P. and L., the predecessors of the plaintiffs, and a delivery of the coal by plaintiffs.

2. PLEADING—AMENDMENT.

    In an action for the price of coal sold by plaintiffs, where the proof showed a contract for the sale of the coal by a firm of the same name as plaintiffs, who were their predecessors, the court should have permitted an amendment of the answer to plead as a defense to the action the breach of the contract under which the coal was purchased.

Appeal from Trial Term.

Action by W. H. Piper and another against John C. Seager. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

This action is brought by the plaintiffs, W. H. Piper and W. D. Piper, doing business under the style and name of W. H. Piper & Co., to recover for a quantity .of coal alleged to have been sold by the plaintiffs and delivered to defendant, in the month of March, 1903, at the agreed price .of $1.30 per ton f. o. b. at their mines in Pennsylvania; the whole number of tons so delivered being 1,576 $83/112$, and the price thereof so sought to be recovered being $2,049.76. The defendant, for an answer thereto, first, denied all the averments of such complaint; secondly, set forth a counterclaim thereto. To such counterclaim a reply was served, but which in no manner explained or enlarged the said claim of the plaintiffs as set forth in their complaint. Upon these pleadings the case came on for trial, and the court, after hearing the evidence, directed a verdict for the plaintiffs for the amount claimed in the complaint; and from the judgment thereon entered, and from the order denying a new trial upon the minutes, the defendant takes this appeal. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

O. U. Kellogg, for appellant.
Jas. F. Dougherty, for respondents.

PARKER, P. J. It seems that some time prior to February, 1902, there was a firm consisting of this plaintiff, W. H. Piper, and one

Lewars, doing business under the firm name of ·W. H. Piper & Co., which for many. years had been miners and sellers of soft coal in the state of Pennsylvania, and that in such month of February they entered into a contract by written correspondence with this defendant, by which they agreed to ship to ,Wickwire Bros., at Cortland, in the state of New York, 20,000 tons of their coal between April 1, 1902, and April 1, 1905, in equal monthly shipments, at the rate of $1.30 a ton on board the cars at their mines, and this defendant agreed to pay therefor.   On January 1, 1903, and while this contract was outstanding, such firm was. dissolved, Lewars withdrew therefrom, and the plaintiff W. D. Piper, who was the son of the other member, W. H. Piper, then joined with him in the continuance of such business, and continued to carry it on under the same name and style that the prior firm had always used, viz., W. H. Piper & Co.; and they claim that at that time they sent out a printed notice of such dissolution to all the customers of the old firm, including this defendant.   The mines and the assets of the old firm seem to have been taken by this new firm, and the general business of mining and selling coal seems to have been continued without in-' terruption by such new firm.   At the time of the creation of such new firm there had been delivered to Wickwire Bros. on such contract by the old firm some 5,000 or 6,000 tons.   The new firm continued to deliver thereon during January and February some 700 odd tons, which were paid for by the defendant.   In March the plaintiffs delivered the number of tons set forth and which is claimed for in this complaint, and then notified the defendant, by letter dated April 1, 1903, that they would deliver no more upon such contract, but considered it completed so far as they were concerned.   At this time there were some 12,000 tons back and undelivered upon such Wickwire contract.

It is to be noticed that there is no evidence in the case that the defendant ever made any contract whatever with the new firm for the purchase from it of any coal whatever, and the only request by the defendant that it deliver any coal, that appears from the record, is that contained in the letter of January 19, 1903, and from which it is evident that he considered the "W. H. Piper & Co." to whom he was writing, as the old firm; and the defendant distinctly testified that he never received the notice of dissolution, and that at that time he did not know of the existence of the new firm.   And it is to be further noticed that in no letter written by the new firm is there any claim that it was not liable to perform the Wickwire contract, so called, save for the reason that, owing to strikes and causes beyond their control, for which provision was made in the contract, it could not perform the same.   It is apparent, therefore, that the coal for which the plaintiffs seek to recover was never purchased from them by this defendant, no contract concerning it was ever made between the plaintiffs and this defendant, and therefore they have been allowed to recover upon a cause of action which was not stated in their complaint.   Moreover, it is also apparent that the contract under which this coal was delivered to the defendant in the month of March, and paid for by him in the months of January and February, was purchased from the old firm, and the old firm is still in default in the performance of that contract on its part, something over 12,000 tons being yet due defendant there-

on·; and, if the plaintiffs are to be allowed to recover in this action for coal purchased upon that contract, it would seem very clear that the defendant should have been allowed to plead as a defense to that action the breach of the contract under which such coal was purchased, and yet the trial judge refused to let the defendant amend his answer in any particular. Not only have the plaintiffs been allowed to recover upon a contract that they did not set forth in their complaint, but also upon a contract that was never made with them but with an entirely different party; and the judgment that is rendered in favor of these plaintiffs would not bar an action if brought by the old firm for the same coal. This seems to be clear error, for which this judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to appellant to abide the event. All concur.